**Order entered July 5, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00391-CR

## FRANK PAUL CELAYA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-52876-U**

## ORDER

Appellant's brief was due in this appeal on July 25, 2018. Appellant requested and received an extension until August 24, 2018. Instead of a brief, appellate counsel Tara Cunningham filed a September 7, 2018 letter with the Court representing she had been unable to contact appellant, but he had been granted the shock probation he had requested, and his trial counsel had informed her that it was likely he no longer wished to pursue the appeal.

On September 12, 2018 the Court abated the appeal for a hearing to determine whether appellant had abandoned his appeal. The Court issued a second abatement order on January 9, 2019.

On March 19, 2019, a supplemental reporter's record was filed showing the trial court held a hearing on January 17, 2019 pursuant to the Court's orders. Appellant was not present for

the hearing. During the hearing, Cunningham affirmed the trial court's understanding that appellant had requested and received community supervision. Cunningham represented that she had not had any contact with appellant. Cunningham represented she had sent appellant two letters and placed telephone calls to three different numbers associated with him. Cunningham telephoned appellant's mother and told her that the trial court's hearing represented "the last opportunity to contact [Cunningham] if he wants to pursue his appeal." Cunningham also stated that she had spoken to appellant's trial counsel who also had not heard from appellant recently. Cunningham submitted for the trial court's review a set of proposed findings to which the State had no objection. The trial court did not, however, file findings of fact.

On May 7, 2019, the Court entered an order determining that in the absence of findings that appellant has abandoned his appeal or the filing of a motion to dismiss the appeal voluntarily signed by appellant and counsel, the Court would proceed with appellant's appeal. The Court ordered Cunningham to file appellant's brief by June 7, 2019. The Court further cautioned Cunningham that if she failed to file a brief by June 7, 2019, the Court would order her removed as counsel and would order the trial court to appoint new counsel to represent appellant.

Cunningham did not file appellant's brief as ordered. On June 11, 2019, the Clerk of the Court notified Cunningham that the time for filing appellant's brief had expired and directed her to file within ten days both the brief and an extension motion. Cunningham has not responded to the Clerk's notice.

We **REMOVE** Tara Cunningham as counsel for appellant.

We **ORDER** the trial court to appoint new counsel to represent appellant in this appeal. We **ORDER** the trial court to transmit a supplemental clerk's record containing the order

appointing new counsel to this Court within **FIFTEEN DAYS** of the date of this order. Appellant's brief shall be due within **SIXTY DAYS** of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with this order. We will reinstate the appeal when we receive the order appointing new counsel or at such earlier time as the Court deems appropriate.

We **DIRECT** the Clerk of the Court to transmit this order, by electronic transmission, to the Honorable Stephanie Huff, Presiding Judge, 291st Judicial District Court; and to counsel for the parties.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE